UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

Case No.   CV 07-3531-JFW (SSx)                                        Date: August 2, 2007

Title:   Floyd Richardson -v- Matrix Service, Inc.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION; AND

ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS COMPLAINT [filed 7/5/07; Docket No.8]

On July 24, 2007, this Court issued an Order to Show Cause ("OSC") ordering Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Additionally, to assist the Court in ensuring that it hears only those matters over which it has jurisdiction, the Court ordered Defendant to file a statement identifying its principal place of business using the Ninth Circuit's test for determining a corporation's principal place of business as set forth in *Tosco Corp. v. Communities for a Better Environment*, 346 F.3d 495, 499 (9th Cir. 2001). On July 30, 2007, Plaintiff filed a response to the OSC. In his response, Plaintiff's counsel advises the Court that he filed this action in this Court because he believed Defendants would have removed the action if he had filed in state court and because he believed that Defendants headquarters were located in Oklahoma. *See* Response to OSC at 1:24-27. Plaintiff's counsel describes why he believes that Defendant is headquartered in Oklahoma, but fails to provide any facts to establish the existence of subject matter jurisdiction in this Court.[1] On July 31, 2007,

---

[1] Plaintiff's discussion of Defendant's principal place of business is entirely confined to identifying the location of Defendant's headquarters and management offices. As Plaintiff is undoubtedly aware, in the Ninth Circuit, "where a majority of a corporation's business activity takes place in one state, that state is the corporation's principal place of business, even if the corporate headquarters are located in a different state. *The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities." Tosco Corp. v. Communities for a Better Environment*, 346 F.3d at 500.

DOCKETED ON CM
AUG - 3 2007

Page 1 of 2                                                          Initials of Deputy Clerk

Defendant filed its Response to the Court's July 24th order in the form of a declaration from its counsel in which rather than identifying its principal place of business, Defendant's counsel declared that Defendant did not seek removal and would not oppose dismissal of this action. *See* Declaration of Susan A. Rodriguez in Support of Defendant's Response to OSC at ¶ 6.

Because the parties are in agreement that this action should be prosecuted in state court and because Plaintiff has failed to establish the existence of subject matter jurisdiction in this Court, the Court **DISMISSES** this action without prejudice.

Defendant's Motion to Dismiss Complaint is **DENIED as moot.**

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.